700

GEORGE L. EDER, *Appellant*, v. GEORGE L. EDER & COMPANY, INCORPORATED, *et al., Respondents.*[1]

*Wright & Catlett*, for appellant.
*Douglas T. Ballinger*, for respondents.

PARKER, J.—This is a claim contest in the receivership proceedings in the superior court for King county for the settlement of the affairs of George L. Eder & Co., Inc., an insolvent corporation.

In December, 1928, that company was, by George L. .Eder and Grace Boyle, incorporated under the laws of this state; its principal object being to conduct a general stock brokerage business. By its articles of incorporation, its capital was fixed at twenty-five thousand dollars, divided into two hundred and fifty shares of one hundred dollars each. George L. Eder then subscribed for two hundred and forty-nine of the shares, and Grace Boyle then subscribed for one of the shares. There have never been any other stockholders or officers of the corporation. Eder has at all times been the president, having practically the sole management and control of the corporation up until November 18, 1929, when, because of its insolvency, its affairs passed into the hands of the receiver appointed by the superior court for King county. Mrs. Boyle has at all times been the secretary of the corporation, her duties being principally clerical.

Upon the receiver's taking charge of the affairs of the corporation and giving notice to its creditors to present their claims to him, Eder presented to the receiver a claim of indebtedness owing by the corporation to him personally. The receiver resisted allowance of Eder's claim. A lengthy trial was had thereon. From an order and judgment of the superior court denying allowance of Eder's claim, he has appealed to this court.

Eder's personal account upon the books of the corporation showed it to be indebted to him personally for a large credit balance in his favor. There were at least two other accounts upon the books of the corporation, each maintained under a fictitiously named person. These fictitious accounts showed indebtedness to the corporation by such fictitiously named persons aggregating in amount more than

[1]Reported in 293 Pac. 719.

the purported indebtedness owing by the corporation to Eder personally. These fictitious accounts the trial court found were in fact but personal accounts of George L. Eder, representing only his personal dealings with the corporation, and concluded that the aggregate indebtedness to the corporation so appearing was in fact the indebtedness of Eder to the corporation, and that therefore the corporation was not indebted to him in any sum. These fictitious accounts constitute the principal subjects of controversy in the hearing in the superior court, and, if rightly viewed by the trial court, amply support the judgment, which is simply: "It is ordered and adjudged that the claim of George L. Eder be, and the same is, denied."

It seems plain to us that there is nothing of serious moment involved upon this appeal other than questions of fact. The evidence is voluminous, and is, for the most part, of such nature as to give to the trial court much better opportunity to determine the right of the controversy than we possess. The record evidences a very painstaking consideration of the case by the trial judge, and we deem it sufficient to say that our examination of the record convinces us that we cannot hold that the evidence preponderates against or fails to support the disposition of the controversy as made by the trial judge. We do not feel called upon to analyze in this opinion the evidence with a view of demonstrating that we should not disturb that disposition.

The judgment is affirmed.

MITCHELL, C. J., MAIN, TOLMAN, and HOLCOMB, JJ., concur.